Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>CANDID LITHIO PRINTING, LTD, dba CANDID WORLDWIDE, fka BLUE OCEAN WORLDWIDE, and Does 1-5 Inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT – Title VII**<br>• **Sex Discrimination**<br>• **Sexual Harassment**<br>• **Retaliation**<br><br>**(42 U.S.C. §§2000e, *et seq*.)**<br><br>**JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Sofia Lara, Charging Party Jonathan Palacios, and Charging Party Jonathan Montano. As set forth with greater particularity in paragraphs 10 to 25 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Candid Lithio Printing, dba Candid Worldwide, fka Blue Ocean Worldwide and Does 1-5, inclusive (collectively referred to herein "Defendants") unlawfully subjected Sofia Lara to abusive and hostile working conditions because of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission also alleges that Defendant unlawfully discharged Sofia Lara in retaliation for her opposition to unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The Commission further alleges that Defendant unlawfully discharged Jonathan Palacios and Jonathan Montano due to their association with Sofia Lara, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). *Thompson v. North American Stainless*, 562 U.S. 170, 174-5 (2011).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Nevada.

**PARTIES**

4. The Commission, Plaintiff, is an agency of the United States of America, charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendant has been a corporation doing business in the State of Nevada, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

7. At all relevant times, Defendant employed Sofia Lara, Jonathan Palacios, and Jonathan Montano.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, owner, officer, member, manager, partner, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to an act by a Defendant or Defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known. Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by the Plaintiff.

## **STATEMENT OF CLAIMS**

10. More than thirty days prior to the institution of this lawsuit, Sofia Lara, Jonathan Palacios, and Jonathan Montano filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

11. On December 22, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure through informal methods of conciliation from Defendant a conciliation agreement acceptable to the Commission.

14. On July 20, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

Sex Discrimination re: Charging Party Sofia Lara

16. Since at least 2014, Defendant has operated a printing and graphic arts company with facilities within Las Vegas, Nevada, doing business as Candid Worldwide.

17. During 2014, Charging Party Sofia Lara was employed by Defendant as a Production Manager.  Charging Party Jonathan Palacios, who was Sofia Lara's fiancée at all relevant times, was employed by Defendant as a Finisher. Charging Party Jonathan Montano, who is Sofia Lara's son, was employed by Defendant as a Shipping Clerk.

18. As of February 3, 2014, Sofia Lara, Jonathan Palacios, and Jonathan Montano were supervised by Defendant's male General Manager.

19. This General Manager possessed the supervisory authority to control the details of day-to-day work, and assign work assignments, and discipline employees.

20. Shortly after he was hired, this General Manager hired several male individuals ("new hires") to work at Defendant's Las Vegas facility.

21. Since at least 2014, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant allowed the General Manager to subject Sofia Lara to abusive and hostile discriminatory conduct to pressure Lara to give her Production Manager position to a less qualified male employee.

    a. The General Manager repeatedly pressured Lara to step down from her position as a Production Manager so a less qualified male employee (one of the new hires) who was also the General Manager's longtime friend, could take the Production Manager position.

    b. The General Manager told Lara that she was "sexy," had "sex appeal," and was wasting that sex appeal on the production floor. He told her that instead

-5-

of being Production Manager, she should become his assistant and use her sex appeal to cultivate relationships with existing clients and recruit new ones.

c. The General Manager also repeatedly made sexist and demeaning comments to Lara, including that the employees "needed a man" to supervise production instead of her because she was too "weak," that she completed tasks "like a girl," and that the production staff would listen to a man instead of her.

d. The General Manager attempted to undermine Lara's authority as a manager with her subordinates by telling them not to listen to Lara or attend meetings she scheduled because she "was a girl on her period with hormones going crazy."

e. The General Manager's sexist behavior emboldened the new hires to similarly subject Lara to abusive and hostile sexist behavior. They frequently ignored Lara and refused to follow her direction, telling her, "you're just a girl."

f. Lara complained to the Human Resources Director and other management about the General Manager and new hires abusive and hostile sexist behavior on at least three separate occasions, but they failed to take any corrective or remedial action.

g. The final time that Lara complained to the Human Resources Director and other management about the General Manager's and new hire's hostile and abusive sexist conduct was on or around April 23, 2014.

h. Shortly thereafter, on or around May 12, 2014, Defendant terminated Lara without providing a reason for the termination.

<u>Sexual Harassment re: Charging Party Sofia Lara</u>

22.     Since at least 2014, Defendant further engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it allowed the General Manager to subject Lara to hostile work environment based on sexual harassment.

   a. On at least five separate occasions, the General Manager told Lara that she was "sexy," and had "sex appeal." On multiple occasions, the General Manager also approached Lara, smelled her, and said, "oh my god, you smell so good," and then threw up his hands and said he needed to leave, as if he was too tempted by how good Lara smelled.

   b. The sexual harassment was unwelcome. Sofia Lara rejected the General Manager's advances and told him that he needed to stop. Shortly after rejecting the General Manager's advances, Lara complained to Human Resources and other management about his advances and other discriminatory behavior.

   c. Lara complained on at least two other occasions to Human Resources and other management about the General Manager's harassment and discriminatory conduct, but they failed to take any corrective or remedial action.

   d. The final time that Lara complained to the Human Resources Director and other management about the General Manager's harassment and discriminatory conduct was on or around April 23, 2014.

   e. Shortly thereafter, on or around May 12, 2014, Defendant terminated Lara without providing a reason for the termination.

<u>Retaliation re: Charging Party Sofia Lara</u>

23. Defendant further engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it retaliated against Charging Party Sofia Lara by terminating her employment because she engaged in protected activity.

   a. Lara complained to the Human Resources Director and owners about the harassment and discrimination she was subjected to by the General Manager and new hires on several occasions, the last of which was on or around April 23, 2014.

   b. Shortly thereafter, on or around May 12, 2014, Defendant terminated Lara's employment without providing any reason for the termination.

<u>Retaliation re: Charging Party Jonathan Palacios</u>

24. Defendant further engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it retaliated against Charging Party Jonathan Palacios by terminating his employment because of his association with Sofia Lara.

   a. On or around May 12, 2014, immediately after terminating Sofia Lara, Defendant terminated Jonathan Palacios, without providing any reason for the termination.

<u>Retaliation re: Charging Party Jonathan Montano</u>

25. Defendant further engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it retaliated against Charging Party Jonathan Montano by terminating his employment because of his association with Sofia Lara.

   a. On or around May 12, 2014, shortly after terminating Sofia Lara and Jonathan Palacios, Defendant terminated Jonathan Montano's employment without

providing any reason for the termination.

26. The effect of the practices complained of, as described above, has been to deprive Charging Party Sofia Lara of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

27. The effect of the practices complained of, as described above, has been to deprive Charging Parties Jonathan Palacios and Jonathan Montano of equal employment opportunities.

28. The unlawful employment complained of in Paragraphs 10-25 above were intentional and caused Charging Parties Sofia Lara, Jonathan Palacios, and Jonathan Montano to suffer emotional distress.

29. The unlawful employment practices complained of in Paragraphs 10-25 above were done with malice or with reckless indifference to the federal protected rights of Charging Parties Sofia Lara, Jonathan Palacios, and Jonathan Montano.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant(s), their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of §§ 703(a) and 704(a) of Title VII.

B. Order Defendant(s) to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII.

C. Order Defendant(s) to make whole Charging Parties Sofia Lara, Jonathan Palacios, and Jonathan Montano by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of

its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

      D.      Order Defendant(s) to make whole Charging Parties Sofia Lara, Jonathan Palacios, and Jonathan Montano by providing compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by them that resulted from the unlawful employment practices described above in amounts to be determined at trial.

      E.      Order Defendant(s) to make whole Charging Parties Sofia Lara, Jonathan Palacios, and Jonathan Montano by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

      F.      Order Defendant(s) to pay Charging Parties Sofia Lara, Jonathan Palacios, and Jonathan Montano punitive damages for their malicious and/or reckless conduct as described above, in amounts to be determined at trial.

      G.      Award the Commission its costs of this action.

      H.      Grant such further relief as the Court deems necessary and proper and in the public interest.

///

///

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 31, 2017                    Respectfully Submitted,

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION