Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CANDID LITHO PRINTING, LTD, dba CANDID WORLDWIDE, fka BLUE OCEAN WORLDWIDE, and Does 1-5 Inclusive,<br><br>    Defendants. | ) Case No.: 2:17-cv-02119-MMD-CWH<br>)<br>)<br>)<br>) **CONSENT DECREE;**<br>)            **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

_____

    Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendant Candid

Litho Printing, LTD,  ("Candid Litho" or "Defendant") hereby stipulate and agree to entry of this

Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant in

1

U.S. Equal Employment Opportunity Commission v. Candid Litho Printing, LTD, dba Candid Worldwide, fka Blue Ocean Worldwide,  and Does 1-5, inclusive; Case No. 2:17-cv-02119-MMD-CWH (the "Action").  On August 8, 2017, Plaintiff filed this Action in the United States District Court, District of Nevada, for violations of Title VII, *as amended*, 42 U.S.C. § 2000e *et. seq.*  The Action alleged that Defendant harassed and discriminated against Sofia Lara based on gender, and retaliated against Charging Parties Sofia Lara, Jonathan Montano, and Jonathan Palacios.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.      The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as their officers, directors, agents, successors and assigns.[1]  Collectively, the EEOC and Defendant are referred to herein as the "Parties."

B.      The Parties have entered into this Decree for the following purposes:

1.      To provide monetary and injunctive relief;

2.      To ensure employment practices continue in compliance with federal law;

3.      To ensure a work environment free from discrimination and retaliation;

5.      To ensure training for Defendant's employees with respect to the pertinent laws regarding sex discrimination and retaliation;

6.      To ensure appropriate recording keeping, reporting, and monitoring; and

7.      To avoid the expensive and protracted costs incident to this litigation.

C.      This Decree, as described in further detail in Section IX below will be implemented by Defendant on a company-wide basis.

## III.

## RELEASE OF CLAIMS

A.      This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in this Action.

---

[1] Title VII's definition of employer does not allow for individual liability against an employees, including, but not limited to officers and directors.  Therefore, the Decree is enforceable against the Defendant and not individuals.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

# VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties expressly agree that if the EEOC has a reasonable basis to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree; provided, however, that prior to initiating such action, the EEOC will notify Defendant and/or its/their legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure any non-monetary breach and shall have fourteen (14) business days to attempt to resolve or cure any monetary breach.

B.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.       After thirty (30) days have passed with respect to any non-monetary breach, or fourteen (14) business days have passes with respect to any monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's

costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the court deems appropriate.

### VIII.

### **MONETARY RELIEF**

A.     Within fourteen (14) days of the Effective Date, Defendant will pay a total of $242,799.23 ("Gross Sum") to resolve this Action.  The EEOC has full and complete discretion under the terms of this Decree to determine the characterization of such payments as income, wages or otherwise, as hereinafter described in this Decree.   The Gross Sum shall be distributed in accordance with the Distribution List that the EEOC has provided to Defendant.

Defendant shall pay the employer's portion of all federal and state taxes, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amount paid to a Charging Party.  Defendant shall issue a 1099 tax reporting form and W-2 in the ordinary course to each Charging Party.  Defendant shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to each Charging Party.

B.     Within three (3) business days of the issuance of the settlement checks, Defendant shall submit a copy of the checks, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

### IX.

### **GENERAL INJUNCTIVE RELIEF**

A.     Non-Discrimination:

Defendant, its officers, directors, agents, employees (including all managerial and non-managerial employees), successors, assigns and all those in active concert or participation with them, are hereby enjoined from (a) discriminating against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of harassing or discrimination against an employee on the basis of sex;

and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.[2]

B.     Retaliation:

Defendant its officers, directors, agents, employees (including all managerial and non-managerial employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice against any current employee or applicant of Defendant because he or she has in the past or during the term of this Decree:

1.     Opposed any practice made unlawful under Title VII;

2.     Filed a charge of discrimination alleging such practice;

3.     Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.     Was identified as a possible witness or claimant in this Action;

5.     Asserted any right under this Decree;

6.     Sought and/or received any relief in accordance with this Decree; or

7.     Has a close association with an individual who took any of the actions listed in this section.

**X.**

**SPECIFIC INJUNCTIVE RELIEF**

A.     Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the area of sexual harassment, sex discrimination and retaliation, to monitor Defendant's compliance with Title VII and the provisions of this Decree.  The Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld.  Defendant shall propose a Monitor to the Commission.  If the Commission does not approve the proposed Monitor, the Commission shall provide Defendant with a list of at least three

---

[2] Title VII's definition of employer does not allow for individual liability against an employee, including, but not limited to officers and directors.  Therefore, the Decree is enforceable against the Defendant and not individuals.

suggested candidates acceptable to the Commission.  Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties.  The Monitor's responsibilities shall include:

1.     Visiting Defendant's Las Vegas location within thirty (30) days of the Effective Date to conduct an audit of that location's compliance with Title VII, preparing a detailed written report on proposed changes to existing practices at that location and a specific monitoring plan to ensure compliance with Title VII and this Decree. The Monitor's Audit Report shall be submitted to the EEOC within thirty (30) days of the Effective Date;

2.     Ensuring that Defendant's anti-discrimination policy and reporting procedure effectively carry out its obligations under this Decree;

3.     Ensuring that Defendant's anti-discrimination policy includes a clear explanation of what conduct constitutes associational retaliation and a prohibition of such conduct;

4.     Ensuring that Defendant's procedures to handle complaints of sex discrimination, sexual harassment, and retaliation, including associational retaliation, comply with its obligations under Title VII and this Decree;

5.     Monitoring Defendant's investigation of all complaints of sex discrimination, sexual harassment, and retaliation, including associational retaliation, to ensure compliance with Title VII;

6.     Ensuring that Defendant appropriately communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

7.     Ensuring that all employees are trained on their rights and responsibilities under Title VII, including but not limited to the responsibility to provide a workplace free of sex discrimination, sexual harassment, and retaliation, with a focus on associational retaliation;

8.     Ensuring that Defendant's disciplinary policies hold employees and managers accountable for failing to take appropriate action and/or or for engaging in conduct prohibited under Title VII and this Decree;

9.     Ensuring that Defendant creates a centralized system of tracking sex discrimination, sexual harassment, and retaliation complaints;

10.     Establishing policies and procedures to ensure equal employment opportunities to all employees and applicants regardless of gender in all terms and conditions of employment, hiring, recruitment, demotions, promotions, and terminations;

11.     Ensuring that Defendant's reports required by Section X.H of this Decree are accurately compiled and timely submitted;

12.     Further ensuring compliance with the terms of this Decree; and

13.     Preparing a brief annual report on Defendant's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her responsibilities as articulated herein.

14.     The Monitor shall ensure compliance for the foregoing provisions for the term of the Decree.

B.     <u>Policies and Procedures</u>

Defendant, on a company-wide level, shall review, revise, distribute, and implement its policies and procedures against sexual harassment, sex discrimination, and retaliation prohibited by Title VII (the "Policy").  The Policy shall include:

1.     A clear explanation of prohibited conduct;

2.     Assurance that Defendant's policies prohibit retaliation against employees who make complaints of sexual harassment and sex discrimination and/or who provide information related to such complaints;

3.     A clear explanation of associational retaliation and assurance that Defendant's policies prohibit retaliation against an employee who has a close relationship with another employee who makes a complaint of sexual harassment and sex discrimination and/or who provides information related to such complaints;

4.     A clearly described complaint process for sex discrimination and harassment that provides identified avenues for complaints against co-workers and supervisors, and which allows for complaints to be initiated verbally, although Defendant may require that the substance of the complaint be recorded later in writing;

5. Assurance that Defendant will protect the confidentiality of sexual harassment and sex discrimination complaints to the extent possible from being disclosed to those who do not need to know;

6. A complaint process that provides a prompt, thorough, and impartial investigation;

7. A requirement that any employee in a supervisory position who receives a complaint of sexual harassment or sex discrimination, whether formal or informal, written or verbal, report such complaint to the human resources department within 48 business hours of receiving the complaint.

8. That Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to promptly report sexual harassment or discrimination, take corrective action  and/or for engaging in conduct prohibited under Title VII;

9. A procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation; and

10. Assurance that Defendant will take prompt and appropriate corrective action when it determines that sex discrimination, sexual harassment, and/or retaliation, including associational retaliation has occurred.

Within sixty (60) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the Policy.  Within ninety (90) days of the Effective Date, Defendant shall ensure that it has distributed its Policy to each managerial and non-managerial employee.  Within ninety-five (95) days of the Effective Date, Defendant shall submit to the Commission a statement confirming distribution of the Policy.  For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, Defendant shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

C. Training

1. All Employees

Within 120 days of the Effective Date of this Decree, Defendant, in consultation with the Monitor, shall provide live and interactive training, lasting sixty (60) minutes in duration, to all

Defendant's non-supervisory employees. The training shall be in a language the employees understand and shall cover the revised Policy and equal employment rights and responsibilities under Title VII, with an emphasis in sex discrimination, sexual harassment, and retaliation.  The training shall further address the following:

       a.   The type of conduct that constitutes sex discrimination, sexual harassment, and retaliation. Examples shall be given of the prohibited conduct to ensure understanding by employees;

       b.   A clear explanation of Title VII's prohibition on associational retaliation, and the type of conduct that constitutes associational retaliation. Examples should be given of associational retaliation to ensure understanding by employees;

       c.   Defendant's policies and procedures for reporting and handling complaints of sex discrimination, sexual harassment, and retaliation, including associational retaliation, and how to utilize these policies; and

       d.   External avenues, such as the EEOC, that are available to the employee seeking to complain of sex discrimination, sexual harassment, and retaliation.

The training set forth above shall be mandatory and occur once a year for the duration of this Decree.  All persons required to attend such training shall verify their attendance in writing. The training set forth above may be videotaped so that any employee unable to attend any scheduled training shall be trained within sixty (60) days of the last live training set forth above.

Every six (6) months during the term of this Decree, all employees hired, but who have not otherwise been trained as indicated above, will view the sixty minute training as described above and attend the next live training session to be held.  All persons required to attend such training shall verify their attendance in writing.

       2.   <u>Managerial and Supervisory Employees</u>

In consultation with the Monitor, Defendant shall provide a live, interactive Management Training to all managerial, supervisory, and lead employees of two (2) hour duration once every year for the term of this Decree. The first Management Training shall occur within 120 days of the effective date of this decree. The Management Training shall the revised Policy and equal employment rights and

responsibilities under Title VII, with an emphasis in sex discrimination, sexual harassment, and retaliation. The Management Training shall also include training on:

    a.  Defendant's responsibilities under Title VII ;

    b.  How to identify sex discrimination, sexual harassment, and retaliation;

    c.  How to identify associational retaliation;

    d.  How to properly handle complaints of sex discrimination, sexual harassment, and retaliation, including associational retaliation; and

    e.  Their obligation to take preventative and corrective measures.

All persons required to attend such training shall verify their attendance in writing. Any managerial supervisory, and lead employees unable to attend any scheduled Management Training shall be trained within sixty (60) days of the live training set forth above.  The training set forth above may be videotaped so that any managerial or supervisory or lead employees unable to attend any scheduled training may shall be trained within sixty (60) days of the last live training set forth above.

Within sixty (60) days of the hire date of any managerial, supervisory, and lead  employees hired after the annual training but within the term of the Decree, Defendant shall such employees watch the videotape of the Management Training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

    3.  <u>Human Resources Employees</u>

Human Resources employees, Chief Financial Officer, and the Owners shall receive the training set forth in subsection C.2., and an additional 30 minute training once a year for the term of this Decree ("HR Training") addressing how to effectively investigate claims of sex discrimination, sexual harassment, and retaliation.

All persons required to attend such training shall verify their attendance in writing. Any Human Resources employee unable to attend any scheduled HR Training shall be trained within sixty (60) days of the live training set forth above.

Within sixty (60) days of the hire date of any Human Resources employee hired after the annual training but within the term of the Decree, Defendant shall provide a live HR Training covering the

issues set forth above. All persons required to attend such training shall verify their attendance in writing.

4.      Verification of Training

Within sixty (60) days of the first trainings to be performed pursuant to this Decree and annually thereafter, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.  The EEOC shall have the right to attend the trainings described in the Decree.  Thirty (30) days prior to any training, Defendant shall provide written notice to EEOC including the time, location, name and contact information of the trainer.  The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

D.      Record Keeping

Defendant shall also work in conjunction with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of recruitment, hiring, promotions, terminations, sex discrimination and sexual harassment complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

1.      All documents generated in connection with any complaint, investigation into, or resolution of every complaint of sex discrimination, sexual harassment, and/or retaliation for the duration of the Decree and the identities of the parties involved;

2.      All forms acknowledging any employee or manager's receipt of the Policy as required under this Decree;

3.      All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.      All documents generated in connection with the monitoring, counseling, or disciplining of employees whom Defendant determined to have engaged in behavior that constitutes sex discrimination, sexual harassment, and retaliation;

5.      All documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

6.      All documents generated in connection with recruitment, hiring and promotions, including:

        a.      All documents related to a job opening;

        b.      All documents related to recruitment for each job opening;

        c.      All applications for employment and all documents collected from an applicant;

        d.      All documents, communications, and/or correspondence pertaining to each applicant for employment;

        e.      A summary of the reason for selection of the applicant(s) for each job opening for the reporting period; and

        f.      Records reflecting employee promotions and/or pay increases.

Defendant will make the aforementioned records available to the EEOC within ten business days following a written request by the EEOC.

F.      Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at any Defendant location within the state of Nevada.

H.      Reporting

Defendant, through its EEOC Monitor shall provide the following reports annually throughout the term of this Decree:

1.      The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve months to the extent not reported in the previous twelve months;

2.      A description of all sex discrimination, sexual harassment, and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging sex discrimination, sexual harassment, and/or retaliation, the nature of the sex discrimination, sexual harassment or retaliation, the names of the alleged

perpetrators, the dates of the alleged sex discrimination, sexual harassment, and/or retaliation, a brief summary of how each complaint was resolved, and the identity of the Defendant's employee(s) who investigated and/or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report; and

3.     Confirm the Notice Posting requirement as set forth in Section F is in full compliance throughout the duration of the Decree.

4.     An analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person.

5.     A copy of the Policy against and the complaint procedure for sex discrimination, sexual harassment, and retaliation after consultation with the EEO Monitor in compliance with the Consent Decree.

6.     A log of Defendant's investigation into any complaint about gender discrimination, harassment, and/or retaliation for complaining about sex discrimination and/or sexual harassment.  The log shall include the following for each complaint during the reporting period:

(a).     the name and title of the complaining party(ies);

(b).     the date of the complaint;

(c).     the name and title of the alleged harasser(s)/offender(s);

(d)     the name and title of the person(s) who conducted the investigation into the complaint;

(e)     the nature of the complaint (i.e. comments, acts, etc.)

(f)     the date of the commencement and completion of the investigation;

(g)     a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(h)     the outcome of the investigation and any action taken; and.

(i)     whether previous sex discrimination, and/or sexual harassment complaints had been made regarding the alleged harasser(s)/offender(s).  If so, the report should also include the outcome of the prior investigations.

7.     All documents generated in connection with Defendant's investigations into complaints referenced in subsection X.H.6, including, but not limited to all documentation related to each complaint and all witness statements.

8.     A log of Defendant's recruitment, hiring and promotions, including:

    a.     Job openings;

    b.     Recruitment efforts for each job opening;

    c.     Name and gender of each applicant;

    d.     A summary of the reason for selection of the applicant(s) for each job opening for the reporting period; and

    e.     Promotions and/or pay increases.

9.     A termination log that includes the following information:

    a.     The name and gender of terminated employee;

    b.     Whether the terminated employee has a close association with another employee;

    c.     Reasons for the termination;

    d.     All documents connected to the termination; and

    e.     All employees involved in the termination decision.

All reports under this paragraph shall be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney Anna Y. Park, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

# XIII.

## <u>MISCELLANEOUS PROVISIONS</u>

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Defendant shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…
…

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: 4/10/18

By: Anna Y. Park
Attorneys for Plaintiff EEOC

JACKSON LEWIS, P.C.

Date: 4/9/18

By: Elayna J. Youchah
Attorney for Defendant Candid Litho Printing, LTD

Date: 4/9/18

By: Howard Weinstein, Owner
Candid Litho Printing, LTD.

**[PROPOSED] ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: April 10, 2018

The Honorable
United States District Court Judge

4847-0217-1999, v. 1

17

Exhibit A – Notice of Consent Decree



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

**NOTICE OF CONSENT DECREE**

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of U.S. Equal Employment Opportunity Commission v. Candid Litho Printing, LTD, dba Candid Worldwide, fka Blue Ocean Worldwide, and Does 1-5, inclusive; Case No. 2:17-cv-02119-MMD-CWH, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace.  In August 2017, the EEOC filed a lawsuit in the United States District Court against Candid Litho Printing, LTD alleging that Candid Litho subjected Charging Party Sofia Lara to sex discrimination and sexual harassment, and retaliated against Charging Party Sofia Lara.  The EEOC also alleged that Candid Litho retaliated against Charging Parties Jonathan Montano and Jonathan Palacios due to their association with Sofia Lara.

Federal anti-discrimination law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.

Candid Litho is committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying sex discrimination, sexual harassment, and retaliation. Candid Litho will not tolerate discrimination against employees on the basis of that person's sex, race, national origin, color, religion, disability, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been discriminated against because of your sex, national origin, age, race, color, religion, or disability, or retaliated against, you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV  89101
1-800-669-4000

Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  2:17-cv-02119-MMD-CWH |
| Plaintiff, | **CERTIFICATE OF SERVICE RE: CONSENT DECREE AND [PROPOSED] ORDER** |
| vs. | |
| CANDID LITHIO PRINTING, LTD, dba CANDID WORLDWIDE, fka BLUE OCEAN WORLDWIDE, and Does 1-5 Inclusive, | |
| Defendants. | |

/ / /

/ / /

-1-

**CERTIFICATE OF SERVICE**

I am, and was at the time the herein mentioned mailing took place, a citizen of the United States, over the age of eighteen (18) years.

I am employed in the Legal Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission.

My business address is U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

On the date that this declaration was executed, as shown below, I served the foregoing **CONSENT DECREE AND [PROPOSED] ORDER,** via the Case Management/Electronic Case Filing (CM/ECF) system to:

Elayna J. Youchah
Nevada Bar No. 5837
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
youchahe@jacksonlewis.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2018, at Las Vegas, NV.

/s/ Anna Park
ANNA PARK
